Case 1:16-cv-00161 Document 5 Filed in TXSD on 10/06/16 Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 06, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS ROGELIO RIVAS,** | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-161 |
| | § | Criminal No. B:15-610-1 |
| **UNITED STATES OF AMERICA,** | § | |
|     Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 30, 2016, Petitioner Carlos Rogelio Rivas ("Rivas") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be denied, because it is legally meritless.

### I. Procedural and Factual Background

On July 14, 2015, a federal grand jury – sitting in Brownsville, Texas, – indicted Rivas for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Rivas, Criminal No. 1:15-610-1, Dkt. No. 6 (hereinafter "CR").

### A. Rearraignment

On September 29, 2015, Rivas appeared before the District Judge and pled guilty – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 19.

---

[1] While the indictment alleged that Rivas had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

1

**B. Sentencing**

In the final presentence report ("PSR"), Rivas was assessed a base offense level of eight for unlawfully re-entering the United States. CR Dkt. No. 21, p. 4.  Rivas was also assessed an additional 16-level enhancement because his 2009 conviction for aggravated assault in a Georgia state court was a crime of violence. Id.  Rivas received a three-level reduction for acceptance of responsibility. Id., p. 5.  Thus, Rivas was assessed a total offense level of 21.

Regarding his criminal history, Rivas had one adult criminal conviction and was assessed one criminal history point, resulting in a criminal history category of I. CR Dkt. No. 21, pp. 5-6.  Based upon Rivas's offense level of 21 and criminal history category of I, the presentence report identified a guideline sentencing range of 37 to 46 months of imprisonment. Id., p. 9.

On January 4, 2016, the District Court sentenced Rivas to 37 months of imprisonment, three years of supervised release, and a $100 special assessment fee, which was remitted. CR Dkt. No. 27.  The judgment was entered on January 25, 2016. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal.  A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Rivas's deadline for filing a notice of appeal passed on February 8, 2016.

**C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On June 30, 2016, Rivas timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.  In his motion, Rivas asserts that his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because he was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1.  Rivas further asserts that his counsel was ineffective for not raising this argument.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

**II. Applicable Law**

    **A. Section 2255**

Rivas seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

After a petitioner's conviction becomes final, the Court is entitled to presume that he stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).

A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

Furthermore, "[c]hallenges to issues decided on direct appeal are foreclosed from consideration in a § 2255 motion." U.S. v. Fields, 761 F.3d 443, 463 n. 12 (5th Cir. 2014), as revised (Sept. 2, 2014), cert. denied, 135 S. Ct. 2803, 192 L. Ed. 2d 847 (2015) (citing U.S. v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986)).

    **B. Ineffective Assistance of Counsel**

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id. To prove that counsel's performance

was deficient, a petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012).  Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  If a petitioner fails to prove one prong, it is not necessary to analyze the other one. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Rivas's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even applying this standard, neither the record – nor the law – support Rivas's claim.

**A. Johnson is Inapplicable**

Rivas asserts that he is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").  The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1).  The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." §

4

924(e)(2)(B) (emphasis added). The underlined portion of § 924 has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S. Ct. 1257 (2016) (holding that "Johnson announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Rivas, none of it applies to his case. Rivas was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, he was convicted of violating 8 U.S.C. §§1326(a) and 1326(b). CR Dkt. No. 6. Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 20. Therefore, regardless of its retroactive application, the holding in Johnson does not directly provide Rivas with a vehicle for relief.

Given that Johnson is inapplicable, Rivas's attorney was not ineffective for failing to object. See Koch v. Puckett, 907 F.2d 524, 527 (5th Cir.1990) ("counsel is not required to make futile motions or objections."). This claim should be denied.

### B. Gonzalez-Longoria Affords No Relief

Rivas makes the related argument that he is entitled to habeas relief because the Supreme Court's analysis of the residual clause in Johnson applies equally to the term "crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1. Section 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel addressed this issue in U.S. v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016). The panel concluded that the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is also unconstitutionally vague, because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." Gonzalez, 813 F.3d at 235. Any relief that Rivas may have found in that decision, was short-lived; the panel opinion was withdrawn and the case was considered by the Fifth Circuit en banc.[2]

The Fifth Circuit, sitting en banc, unequivocally held that "18 U.S.C. § 16(b) is not unconstitutionally vague." U.S. v. Gonzalez-Longoria, — F.3d —, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc). Thus, Rivas finds no relief under Gonzalez-Longoria.[3] As discussed further below, despite Rivas's continued focus upon the residual clause of the ACCA, and his argument relating to the similar provision in 18 U.S.C. § 16, his sentence was not enhanced pursuant to either of those statutes. Instead, Rivas's sentence was enhanced pursuant to the term "crime of violence," as it is defined in the sentencing guidelines. The Court notes that the definition of "crime of violence" in the sentencing guidelines is substantively identical to the definition found at 18 U.S.C. § 16(a), which has never been constitutionally attacked. U.S. v. Dominguez-Hernandez, 98 F. App'x 331, 334 (5th Cir. 2004) (unpubl.).

Given that § 16(b) was inapplicable to his case, Rivas's attorney's performance was not deficient. Further, because it was not deficient, it was not ineffective for failing to object.

---

[2] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), reh'g en banc ordered, 815 F.3d 189.

[3] The Court notes that the Supreme Court has granted a writ of certiorari to determine if § 16(b) is constitutional. Lynch v. Dimaya, No. 15-1498, 2016 WL 3232911, at *1 (U.S. Sept. 29, 2016); see also Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015) (holding § 16(b) to be unconstitutionally vague). The mere granting of certiorari does not relieve this Court of its responsibility to apply binding Fifth Circuit precedent. Unless and until the Supreme Court overrules Fifth Circuit precedent, this Court is bound by it. Castro-Jiminez v. Bulger, 104 F. App'x 440, 441 (5th Cir. 2004) (unpubl.) (citing Wicker v. McCotter, 798 F.2d 155, 157-58 (5th Cir. 1986)).

Koch, 907 F.2d at 527.  Again, this claim should be denied.

### C. Sentencing Guidelines Enhancement

An examination of Rivas's sentence clearly shows that there was no error.  Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), a 16 level enhancement was added to Rivas's offense level, because he had a prior felony conviction for one of the felonies expressly identified as a crime of violence. CR Dkt. No. 21.

Rivas was convicted of aggravated assault, pursuant to Georgia Code § 16-5-21, in 2009. CR Dkt. No. 26.  Aggravated assault is a specifically enumerated crime of violence under the Sentencing Guidelines. Application Note 1(B)(iii) of Sentencing Guideline § 2L1.2.  The Fifth Circuit has previously determined that a conviction for aggravated assault under the Georgia statute is a crime of violence as listed in § 2L1.2. U.S. v. Torres-Jaime, 821 F.3d 577, 582 (5th Cir. 2016) (collecting cases).  Accordingly, the 16-level enhancement was proper and Rivas's claim is meritless.

Given that the sentencing enhancement was proper, again, Rivas's attorney was not ineffective for failing to object. Koch, 907 F.2d at 527.  Accordingly, this claim should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Carlos Rogelio Rivas's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at

327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Rivas's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Rivas's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on October 6, 2016.

_____
Ronald G. Morgan
United States Magistrate Judge